UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
| | : | |
|---|---|---|
| GREG EGAN and PAUL TAVOLILLA, on behalf of themselves, individually, and on behalf of all others similarly situated, | : : : : | **REPORT AND RECOMMENDATION** |
| | : | 1:19-cv-02052 (RJD) (PK) |
| Plaintiffs, | : : | |
| -against- | : : : | |
| SAFEWAY CONSTRUCTION ENTERPRISES, LLC, and SCSC ENTERPRISES INC., and STEVE CESTARO, individually, and RAYMOND CESTARO, individually, | : : : : : | |
| Defendants. | : : | |
-------------------------------------------------------------- X

**Peggy Kuo, United States Magistrate Judge:**

This Report and Recommendation addresses opt-in Plaintiff Elby Chalupa's ("Chalupa") motion to withdraw as an opt-in Plaintiff. (Dkt. 146.) Having conducted an evidentiary hearing and reviewed the relevant filings (Dkts. 89, 146, 147, 148), the undersigned respectfully recommends that Chalupa's claims be dismissed without prejudice.

## BACKGROUND

Greg Egan and Paul Tavolilla brought this action, on behalf of themselves, individually, and on behalf of all others similarly situated (collectively, "Plaintiffs"), against Safeway Construction Enterprises, LLC ("Safeway"), SCSC Enterprises Inc., Steve Cestaro, and Raymond Cestaro (collectively, "Defendants") alleging violations of Plaintiffs' rights pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Compl., Dkt. 1.)

On May 30, 2019, Plaintiffs moved to certify the FLSA Collective Action and requested leave to distribute a notice to potential opt-in plaintiffs to consent to joining the lawsuit. (Dkt. 18.)

On August 5, 2019, the Court held a motion hearing and found that Plaintiffs met their burden to conditionally certify the collective and "employees who were required to appear at any of the three 'yards' but whose hours worked did not reflect that time may join the collective." (Minute Entry dated Aug. 5, 2019.) On November 7, 2019, Chalupa filed a signed consent form to join this lawsuit. ("Consent Form," Dkt. 89.)

On August 2, 2021, Plaintiffs filed a letter requesting that Chalupa be permitted to withdraw from this action and that his claims be dismissed without prejudice. (Dkt. 146.) The letter attached a declaration signed by Chalupa, dated July 29, 2021, in which he states:

> I worked for Safeway for a few months back in 2017. I joined this lawsuit on November 7, 2019, but I no longer wish to participate. I attempted to start working with Safeway again recently, and on the day before I was supposed to start the job, I was told by my foreman at Safeway that I could not work for the company because I had joined the lawsuit. I also haven't been able to get any work with any other utility company servicers like Safeway ever since, and I believe it is because I am involved in this lawsuit. As a result, I wish to be removed from the case.

("Declaration," Dkt. 146-1.)

On August 12, 2021, Defendants filed their response, stating that they do not oppose the dismissal of Chalupa as an opt-in Plaintiff. (Dkt. 147.) However, Defendants "emphatically deny that Safeway has denied employment to Chalupa or any other individual – or otherwise retaliated against any individual – for having joined this action." (*Id.* at 1.) On August 17, 2021, Plaintiffs filed a reply. (Dkt. 148.) The undersigned held an evidentiary hearing by videoconferencing on September 10, 2021 at which Chalupa testified. (Minute Entry dated Sept. 20, 2021.)

## DISCUSSION

Under Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

Chalupa testified during the evidentiary hearing that he worked at Safeway for approximately one month and two weeks in 2017.[1] (Sept. 10, 2021 Evidentiary Hearing Transcript, "Tr." at 5:15-22.) He initially intended to proceed with the lawsuit because he believed that he was not paid for his last day of work. (Tr. at 21:8-18; 26:4-10.) He signed the Consent Form and left it in his kitchen, telling his wife that he "was going to go with [the lawsuit]" but he then forgot about it. (Tr. at 11:9-13; 19:20-25.) Chalupa later learned that the wages for his last day of employment at Safeway were included in the final paycheck he received, which indicated that he worked 48 hours for the week. Because he worked 40 hours one week and 8 hours the next week, he was fully compensated for his work and was not entitled to overtime. (Tr. at 15:3-14; 20:18-24; 21:8-18; 25:23-25.) Once Chalupa realized that he was paid the correct amount in wages, he decided not to participate in the lawsuit; however, he failed to communicate this decision to his wife and she mailed in his Consent Form. (Tr. at 11:1-5; 15:14-16; 17:6-12.)

In May or June 2020, Joe Ray, with whom Chalupa worked at his next job and who had become a foreman at Safeway, asked Chalupa to return to work with Safeway. (Tr. at 6:15-22; 7:6-10.) Chalupa went to the Safeway offices, filled out employment paperwork and took a drug test. A Safeway employee named Naomi[2] informed Chalupa that he would start his employment the next morning with Ray as his foreman. (Tr. at 8:20-25; 9:13-10:3; 29:19-23.) However, Ray called him that night to tell him there was a problem.

> Later that night, Joe Ray calls me and tells me, listen, hold on, there's something going on. I'll speak to you in the morning. So we left it at that.
> In the morning, I called him and [he] said listen, they not going to hire you because you in the lawsuit…That's when it came to me that my wife did eventually [send] the papers and I was in the lawsuit.

---

[1] Chalupa indicated on his Consent Form that his dates of employment at Safeway were May 1, 2017 to October 30, 2017. (Consent Form.)

[2] Chalupa was unable to recall Naomi's last name but assumed she was part of Safeway's office management. (Tr. at 10:4-11.)

3

(Tr. at 9:1-7.)

29 U.S.C § 215 makes it unlawful for an employer to retaliate against an employee because that employee has brought suit under the Fair Labor Standards Act. Given Chalupa's statement in his Declaration that the reason he wishes to withdraw from this case was that Safeway – and other employers in the industry – refused to hire him because he had joined the lawsuit, the undersigned examines whether there is an improper basis for Plaintiff's request to withdraw.

Chalupa recognized the connection between his involvement in the lawsuit and Safeway's refusal to rehire him, testifying that after he passed the drug test, "I was ready to go, I was clear, but then this came to happen, and yes I was denied work." (Tr. at 9:21-22.) He also referred to his miscommunication with his wife as a "big mistake" that "cost me," explaining, "Well, it kind of cost me work because I was supposed to start working, but I went in, I did my drug test and if it wasn't for that [I] probably would have been working, okay." (Tr. at 15:15-16; 16:18-21.) The statement attributed to Safeway is indeed troubling.

Nevertheless, Chalupa testified emphatically that the reason he does not want to participate in this lawsuit is that he was, in fact, paid properly. He stated, "They don't owe me a dime. They don't owe me a penny. I'm not going to sue…somebody who don't owe me a dime. And I'm not doing this over retaliation because I was denied work, no. I'm doing the right thing, because…this is what it is." (Tr. at 15:18-23.) Chalupa was adamant that he wants to withdraw from the case because he has no valid wage and hour claim against Defendants, stating, "But I'm doing the right thing and I just want out of it. Safeway don't owe me a penny." (Tr. at 26:9-10.)

Moreover, although Chalupa stated in his Declaration that he believes he cannot get work with any other utility company servicers because of his involvement in the lawsuit, he testified at the hearing instead that his inability to find a job was because of "maybe the economy." (Tr. at 14:6-16.)

4

**CONCLUSION**

The undersigned finds Chalupa's testimony credible as to the reason he wishes to withdraw from the lawsuit and finds no basis for denying his request. Accordingly, the undersigned respectfully recommends that Plaintiff Chalupa's motion to withdraw as an opt-in Plaintiff be granted and that his claims be dismissed without prejudice.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
October 14, 2021