UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
                                                   :

GREG EGAN and PAUL TAVOLILLA,      :
individually and on behalf of others similarly  :

situated,                             :      **DECISION AND ORDER**
                                                :
                  Plaintiffs,        :      19-CV-2052 (PK)
                                                :
                  -against-         :
                                                :

SAFEWAY CONSTRUCTION ENTERPRISES, INC.,:
STEVE CESTARO, RAYMOND CESTARO, SCSC     :
ENTERPRISES INC, SAFEWAY CONSTRUCTION   :
ENTERPRISES, LLC, and SEPHIR HAMILTON,   :
                                                :
Defendants.                                 :
--------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

      Greg Egan ("Egan") and Paul Tavolilla ("Tavolilla") (collectively, "Plaintiffs") have filed an

unopposed Motion for Preliminary Approval of Class Action Settlement. ("Motion," Dkt. 209.) The

parties have consented to magistrate judge jurisdiction. (Dkt. 208.) For the reasons stated below, the

Motion is granted.

## BACKGROUND

### I.    Factual and Procedural Background

      Plaintiffs brought this action on April 9, 2019 against Safeway Construction Enterprises, Inc.,

SCSC Enterprises Inc, and Safeway Construction Enterprises, LLC (collectively, "Safeway"), Steve

Cestaro ("Steve"), Raymond Cestaro ("Raymond"), and Sephir Hamilton ("Hamilton") (together with

the Subway entities, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA") and

the New York Labor Law ("NYLL"). (*See* Dkt. 1.)

      Plaintiff filed an Amended Complaint on December 19, 2022 alleging that Defendants failed

to pay Plaintiffs (along with others similarly situated) the wages lawfully due to them under the FLSA

and the NYLL for working in excess of forty hours each week, including failing to pay them for pre-

shift preparation and travel and post-shift cleanup and organization time. (Dkt. 182 at ¶ 2.) Plaintiffs also allege that Defendants failed to provide Plaintiffs with wage statements. (*Id.* at ¶ 3.) The Court conditionally approved the FLSA collective asserted by Plaintiffs. (August 5, 2019 Order.)

After mediation, the parties reached an agreement to settle the case. (Dkt. 204.) Plaintiffs, with Defendants' consent, now request (1) preliminary approval of the proposed Settlement Agreement ("Settlement Agreement," Dkt. 212-1); (2) preliminary certification of a class for settlement purposes only, (3) preliminary appointment of Plaintiffs as class representatives for the proposed settlement class, (4) preliminary appointment of Plaintiffs' counsel Borrelli & Associates, P.L.L.C., and Moritt Hock & Hamroff LLP as class counsel for the settlement class, and (5) approval of the proposed notice of settlement ("Notice," Dkt. 212-2), "Claim Form" (Dkt. 212-3), and "Reminder Postcard" (Dkt. 212-4), and notice procedure. ("Pls. Mem.," Dkt. 210 at 20-23, 31, 33, 35-37.[1])

## II.    **The Settlement Agreement and Procedure**

The Parties stipulate, for settlement purposes only, to the certification of a Fed. R. Civ. P. 23(a) and 23(b)(3) settlement class ("Settlement Class") comprised of:

> all current and former individuals who worked for Defendants in New York as non-managerial laborers at any time during the period of April 9, 2013, through November 3, 2020.

(Settlement Agreement ¶ 1.7.) The "Class Period" is defined as the period between April 9, 2013 through November 3, 2020. (*Id.* ¶ 1.8.)

Under the terms of the Settlement Agreement, in exchange for payment of a total settlement amount not to exceed $7,425,000.00 (the "Gross Settlement Amount"), Plaintiffs agree to release all claims against Defendants. (*Id.* ¶¶ 1.17, 1.20.) "Participating Claimants," or those who timely submit a claim form, as well as class members who do not timely submit a claim form, release all claims for

---

[1] All page references are to ECF pagination unless otherwise noted.

wage and hour violations relating to each Participating Claimant's employment or engagement with Defendants or related entities. (*Id.* ¶¶ 1.26, 1.32, 1.33.)

The Gross Settlement Amount plus all interest and accretions (the "Settlement Fund") will be used to pay service awards, attorneys' fees, expenses, and claims administrator fees, as well as the employer's share of payroll taxes. (Declaration of Sharan Abraham ("Affidavit"), Dkt. 212 at ¶¶ 40, 61.) Within fifteen days of receiving preliminary approval of the settlement, Defendants will transfer $3,600,000.00 to the claims administrator, and fourteen days after the final approval order, Defendants will transfer any remaining funds necessary to cover all payments to be made. (*Id.* ¶¶ 63-64.) The parties have preliminarily agreed to move the Court to approve payment of $2,475,000.00 in attorneys' fees, which represents one-third of the Settlement Fund, and expenses of $64,044.47. (*Id.* ¶ 65.) The parties have also proposed service awards for Plaintiffs and eight other opt-in plaintiffs (the "Opt-In Plaintiffs") based on services they provided in the total amount of $54,000.00 and a claims administrator fee limited to a maximum of $40,000.00. (*Id.* ¶¶ 69-71.)

After these payments are made, the remaining amount (the "Net Settlement Fund") will be distributed to Plaintiffs, Opt-In Plaintiffs, and class members who timely submit a valid claim form. (*Id.* ¶ 72.) The Claims Administrator will review the Claim Forms and distribute the Net Settlement Fund to claimants pursuant to the formula outlined in Plaintiffs' Memorandum. (Pls. Mem. at 18-19.) The share of each class member is calculated by multiplying ten overtime hours per work week during the Class Period by their individual overtime rate of pay. This amount for all class members will be totaled and assigned a percentage of the Net Settlement Fund. Each class member will receive a minimum of $500.00. (Affidavit ¶ 73.) After subtracting the shares of all class members who would receive the minimum amount of $500.00 from the Net Settlement Fund, payment to class members receiving more than the minimum amount is computed by their assigned percentage of the Net Settlement Fund multiplied by the remainder of the Net Settlement Fund. (*Id.* ¶ 74.)

Only claimants who submit a Claim Form will receive settlement proceeds. (Notice at 8.) Class members may also exclude themselves from the Settlement Class, preserving their claims against Defendants, or object to the settlement. (*Id.* at 7-8.) Class members who do not exclude themselves, object, or submit a Claim Form waive any claims they may have against Defendants and may not participate in the settlement. (*Id.*)

After receiving quotes from multiple claims administrators, Arden Claims Services, LLC (the "Claims Administrator") was selected to administer notice of the settlement and the claims process. (Affidavit ¶ 79.) The Claims Administrator must translate the notice into Spanish and send copies to all class members in both English and Spanish; the Claims Administrator must also attempt to trace and identify any updated or alternative addresses for notices that are returned as undeliverable and must send a "Reminder Postcard" to the class members forty days after the initial notice is distributed. (*Id.* at 35-36.)

Within fifteen days of this Order, Defendants must provide a finalized class member list to Plaintiffs' counsel and the Claims Administrator. (Pls. Mem. at 15.) Within seven days of receiving the finalized list, the Claims Administrator must email and mail by registered mail the Notice and Claim Form to all identified class members in both English and Spanish. (*Id.* at 16.) Claimants must return the Claim Form or opt out within seventy-five days of the date the Claims Administrator mails the Notice and Claim Form, subject to any good cause reason for delay. (*Id.*)

## DISCUSSION

### I.  Preliminary Approval of Proposed Settlement Agreement

#### A.  *Standard of Review*

Class settlements under Federal Rule of Civil Procedure Rule 23 require court approval. Fed. R. Civ. P. 23(e).

"A class action settlement approval procedure typically occurs in two stages: (1) preliminary approval—where 'prior to notice to the class, a court makes a preliminary evaluation of fairness,' and (2) final approval—where 'notice of a hearing is given to the class members, [and] class members and settling parties are provided the opportunity to be heard on the question of final court approval.'" *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 27 (E.D.N.Y. 2019) (alteration in original) (quoting *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-CV-5450 (NRB), 2016 WL 7625708, at *2 (S.D.N.Y. Dec. 21, 2016)).

Under Rule 23(e), in considering a motion for preliminary approval of a proposed settlement, a court must consider whether "giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii). Factors relevant to the Court's decision whether to approve a proposed class action settlement include "(1) adequacy of representation, (2) existence of arm's-length negotiations, (3) adequacy of relief, and (4) equitableness of treatment of class members." *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 692 (S.D.N.Y. 2019) (citing Fed. R. Civ. P. 23(e)(2)).

Courts look to the nine "*Grinnell* factors to fill in any gaps and complete the analysis." *Cymbalista v. JPMorgan Chase Bank, N.A.*, No. 20-CV-456 (RPK)(LB), 2021 WL 7906584, at *5 (E.D.N.Y. May 25, 2021) (collecting cases), *R&R adopted*, Order dated Nov. 22, 2021. These include:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (citations omitted), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000); *accord Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013).

### B. Discussion

Considering both the procedural and substantive factors set forth in Fed. R. Civ. P. 23(e)(2), as well as the *Grinnell* factors, I find that the Court will likely be able to approve the parties' proposed settlement agreement as fair, reasonable, and adequate.

### i.    Rule 23(e)(2) Factors

### a. *Adequate Representation by Class Representatives and Class Counsel – Fed. R. Civ. P. 23(e)(2)(A)*

In determining the adequacy of representation by class representatives and class counsel, courts consider "whether (1) plaintiff's interests are antagonistic to the interest[s] of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Mikhlin v. Oasmia Pharm. AB*, No. 19-CV-4349 (NGG)(RER), 2021 WL 1259559, at *4 (E.D.N.Y. Jan. 6, 2021) (alteration in original) (quoting *Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir. 2007)).[2] "An adequate class representative is one who has 'an interest in vigorously pursuing the claims of the class' and 'no interests antagonistic to the interests of other class members.'" *Id.* (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006)). "Courts find class counsel qualified when they are experienced and 'knowledge[able] in the area of complex class actions.'" *Cymbalista*, 2021 WL 7906584, at *5 (alteration in original) (quoting *In re Payment Card*, 330 F.R.D. at 33).

---

[2] "Because this factor is 'nearly identical to the Rule 23(a)(4) prerequisite of adequate representation in the class certification context,'" the Court's consideration of this factor is guided by Rule 23(a)(4) case law. *Mikhlin*, 2021 WL 1259559, at *4 n.3 (quoting *In re Payment Card*, 330 F.R.D. at 30 n.25).

The parties in this action seek preliminary approval of Egan and Tavolilla as representatives of the Settlement Class. (Pls. Mem. at 9, 23.) The parties also seek preliminary approval of Borrelli & Associates, P.L.L.C. and Moritt Hock & Hamroff LLP as class counsel. (*Id.* at 35-36.)

Egan and Tavolilla are adequate class representatives and their interests are not antagonistic to those of the class members. Egan and Tavolilla have vigorously pursued the interests of the Settlement Class, including assisting with the pre-litigation investigation and complaint-drafting, submitting key declarations in support of conditional certification, responding to discovery requests, sitting for depositions, and participating in mediation. (Pls. Mem. at 33.) There is no indication that their interests are in any way antagonistic to other class members.

Borrelli & Associates, P.L.L.C. and Moritt Hock & Hamroff LLP have ably litigated this case for over five years. Furthermore, Borrelli & Associates, P.L.L.C. has significant experience in class action and collective action lawsuits, including prosecuting thousands of cases in federal and state court and serving as class counsel in over twenty Eastern and Southern District of New York cases within the past ten years. (Affidavit ¶ 89.)

As a result, this factor weighs in favor of preliminary approval. Egan and Tavolilla are hereinafter referred to collectively as the "Lead Plaintiffs," and Borrelli & Associates, P.L.L.C. and Moritt Hock & Hamroff LLP are hereinafter referred to collectively as "Co-Lead Counsel."

### b. *Arm's Length Negotiation – Fed. R. Civ. P. 23(e)(2)(B)*

A class settlement "reached through arm's-length negotiations between experienced, capable counsel knowledgeable in complex class litigation . . . 'enjoy[s] a presumption of fairness.'" *In re GSE Bonds*, 414 F. Supp. 3d at 693 (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 173-74 (S.D.N.Y. 2000)); *accord Mikhlin*, 2021 WL 1259559, at *5.

The parties, counsel for whom are experienced and capable in this field, reached the settlement after participating in a mediation session with Martin Scheinman, Esq., an experienced mediator. (Affidavit ¶ 38.)

This factor weighs in favor of preliminary approval.

### c. Adequate Relief for the Class – Fed R. Civ. P. 23(e)(2)(C)

In evaluating whether the proposed settlement provides adequate relief for the class, the Court considers: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including the timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C).

#### i. Costs, Risks, and Delay of Trial and Appeal – Fed. R. Civ. P. 23(e)(2)(C)(i)

The first factor set forth under Rule 23(e)(2)(C), "the 'costs, risks, and delay of trial and appeal,' 'subsumes several *Grinnell* factors,' including the complexity, expense and likely duration of litigation, the risks of establishing liability, the risks of establishing damages, and the risks of maintaining the class through trial." *Mikhlin*, 2021 WL 1259559, at *5 (quoting *In re Payment Card*, 330 F.R.D. at 36); *accord Cymbalista*, 2021 WL 7906584, at *6.

Courts favor settlement when it "results in 'substantial and tangible present recovery, without the attendant risk and delay of trial.'" *In re Payment Card*, 330 F.R.D. at 36 (quoting *Sykes v. Harris*, No. 09-CV-8486 (DC), 2016 WL 3030156, at *12 (S.D.N.Y. May 24, 2016) (citation omitted)). Class action lawsuits "have a well-deserved reputation as being most complex." *Id.* (quoting *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999) (citation omitted)); *see also Garland v. Cohen & Krassner*, No. 08-CV-4626 (KAM)(RLM), 2011 WL 6010211, at *7 (E.D.N.Y. Nov. 29, 2011) ("Given the complexity of any class action lawsuit . . . it is reasonable to assume that absent the instant Settlement, continued litigation would have required extensive time and expense.").

"In considering the risks of establishing liability, the court 'need only assess the risks of litigation against the certainty of recovery under the proposed settlement.'" *Mikhlin*, 2021 WL 1259559, at *5 (quoting *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 459 (S.D.N.Y. 2004)). "Settlement is favored in cases in which 'plaintiffs would have faced significant legal and factual obstacles to proving their case.'" *Id.* (quoting *In re Glob. Crossing*, 225 F.R.D. at 459).

The parties have been engaged for over five years in litigation, including nearly four years of substantial contested motion practice and discovery. (Pls. Mem. at 28.) Defendants continue to assert that they acted in good faith and categorically deny Plaintiffs' claims, feeling they would prevail on claims relating to class members working unpaid hours and providing wage statements. (*Id.*) Plaintiffs state their claims could have been defeated had Defendants established that they and the putative class were paid overtime for all the hours that they worked, that some or all of the alleged pre- and post-shift work did not occur, or that the inquiry as to whether time was compensable or not is unique to each individual; otherwise, Plaintiffs allege they could have recovered up to $65,505,682.10 (after liquidated damages and statutory penalties). (*Id.* at 28-29.) Plaintiffs also recognize, however, based in part based upon a review of Defendants' financial documents, that there is a risk Defendants would not be able to afford a higher settlement amount than the amount agreed upon here. (*Id.* at 30.)

In sum, the "costs, risks and delay of trial and appeal" are significant and weigh in favor of preliminary approval of the proposed settlement. Fed. R. Civ. P. 23(e)(2)(C)(i). As a result, I agree that the settlement represents a favorable outcome and that in light of the claims and defenses of the parties, the risks and uncertainties of litigation, and Defendants' likely inability to pay a higher judgment, the *Grinnell* factors suggest that the proposed settlement is fair, reasonable, and adequate. (*Id.*)

### ii. Effectiveness of Proposed Method of Distributing Relief – Fed. R. Civ. P. 23(e)(2)(C)(ii)

A court must consider the effectiveness of the parties' "proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(C)(ii). "A plan for allocating settlement funds 'need not be perfect[,]'" and "need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *Mikhlin*, 2021 WL 1259559, at *6 (first quoting *In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05-CV-10240 (CM), 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007); and then quoting *In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 344 (S.D.N.Y. 2005)).

The parties have outlined a proposed method of distributing relief to the class that is reasonably and rationally based upon hours worked by each class member. (*See* Affidavit ¶¶ 73-74.) The proposed Notice describes the terms of the Settlement Agreement and provides clear explanations of how to make a claim, opt out of the class, or object. (*See, e.g.*, Notice at 3, 6-8.) The distribution plan appears fair and equitable. This factor, therefore, weighs in favor of preliminary approval.

### iii. Terms of Proposed Award of Attorneys' Fees, Including Timing of Payment – Fed. R. Civ. P. 23(e)(2)(C)(iii)

"When analyzing the proposed settlement agreement for final approval, this Court will review Plaintiffs' application for attorneys' fees, taking into account the interests of the class." *Hart v. BHH, LLC*, 334 F.R.D. 74, 79 (S.D.N.Y. 2020). One method for calculating attorneys' fees, which is the trend in this Circuit, is the "'percentage of the fund' method." *McGreevy v. Life Alert Emergency Response, Inc.*, 258 F. Supp. 3d 380, 384 (S.D.N.Y. 2017). Under this method, the Court considers whether the requested fees are reasonable as compared to the settlement amount. *Id.* at 385. Factors to consider include fees awarded in similar cases, the risks to counsel for the class, and the lodestar calculation. *Id.* at 384 (citing *Goldberger*, 209 F.3d at 43).

Co-Lead Counsel will apply for an award of attorneys' fees representing one-third of the total settlement amount for a total of $2,475,000.00 and litigation expenses totaling $64,044.47. (Pls. Mem. at 17.)  Plaintiffs and Opt-In Plaintiffs will seek a total award of $54,000.00 to compensate them for the services they provided in representing the class.  (*Id.* at 18.)  Co-Lead Counsel have not yet submitted a fee application or application for service award.  The Court, therefore, cannot assess the reasonableness of the requested attorneys' fees or service award until a motion for final settlement approval is filed.

This factor does not weigh against preliminary approval.

### d. *Equitable Treatment of Class Members Relative to Each Other – Fed. R. Civ. P. 23(e)(2)(D)*

A court must consider whether the proposed settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D).  A court may consider "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief."  Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment.

As stated *supra*, the method of distribution appears fair and reasonable.  Other than the Service Awards which will be sought for Plaintiff and Opt-In Plaintiffs, the proposed Plan of Allocation treats all claimants uniformly—each claimant will receive a *pro rata* distribution of the Net Settlement Amount based on a formula that accounts for each claimant's individual overtime rate of pay and number of weeks worked. (Pls. Mem. at 18.)

This factor weighs in favor of preliminary approval.

### ii.    **Remaining *Grinnell* Factors**

The *Grinnell* factors not covered by Rule 23(e)(2)(C)(i) are the reaction of the class to the settlement, the stage of the proceedings and the amount of discovery completed, the ability of the defendants to withstand a greater judgment, the range of the settlement fund in light of the best

possible recovery, and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. A court's consideration of the stage of the proceedings and the amount of discovery completed "is intended to assure the Court 'that counsel for plaintiffs have weighed their position based on a full consideration of the possibilities facing them.'" *In re Glob. Crossing*, 225 F.R.D. at 458 (quoting *Klein ex rel. Ira v. PDG Remediation, Inc.*, No. 95-CV-4954 (DAB), 1999 WL 38179, at *2-3 (S.D.N.Y. Jan. 28, 1999)).

The Court cannot consider the class's reaction to the proposed settlement until after notice has been provided to the class. The Court is, therefore, unable to consider this factor at this stage of the proceedings. *See Mikhlin*, 2021 WL 1259559, at *4 n.2; *Caballero ex rel. Tong v. Senior Health Partners, Inc.*, Nos. 16-CV-0326 (CLP), 18-CV-2380 (CLP), 2018 WL 4210136, at *11 (E.D.N.Y. Sept. 4, 2018).

With regard to the remaining factors, the case has been pending for four years and the parties have engaged in extensive discovery, including exchanging tens of thousands of pages of documents and conducting fourteen depositions. (Pls. Mem. at 25.) Plaintiffs have expressed reasonable concern that Defendants would not be able to afford a higher settlement amount. (*Id.* at 30.) The estimated best possible recovery for Plaintiffs is $65,505,682.10 (*id.* at 29), including actual overtime damages of $24,923,685.94 (*id.* at 28); the maximum settlement amount is $7,425,000.00, or approximately 11.3% of the best possible recovery. Under the parties' proposal, the maximum settlement amount available to the class members themselves is $4,791,955.53, or approximately 7.32% of the class members' total potential maximum damages and 19.23% of their potential actual overtime damages (without liquidated damages or statutory penalties added). (*Id.* at 29.) This Court has awarded similar percentages of the best possible recovery in recent years. *See, e.g., D'Angelo v. Hunter Bus. Sch., Inc.*, 2023 WL 4838156, at *7-8 (E.D.N.Y. July 28, 2023) (granting final approval of a settlement fund of 5% of potential maximum damages); *Rosario v. EMZ Solutions LLC*, 2020 WL 8413532, at *7 (E.D.N.Y. Aug. 7, 2020), *R&R adopted*, 2020 WL 7777955 (E.D.N.Y. Dec. 31, 2020) (granting preliminary

approval of a settlement fund representing approximately 22% of the maximum potential recovery, calculated without liquidated damages or statutory penalties but before removing attorneys' fees). As a result, the remaining *Grinnell* factors weigh in favor of preliminary approval.

### iii.    Identification of Other Agreements

Rule 23(e)(3) requires the parties to identify "any agreement made in connection with the proposal." The parties represent that the proposed settlement agreement represents the entire agreement between the parties. (Settlement Agreement ¶ 11.3.)

\*    \*    \*

Having weighed the Rule 23(e)(2) and *Grinnell* factors, I find that the Court will likely be able to approve the proposed settlement as fair, reasonable, and adequate.

## II.    Preliminary Certification of Rule 23 Settlement Class

Plaintiffs move to provisionally certify, with Defendants' consent, a class for settlement purposes comprised of:

> all current and former individuals who worked for Defendants in New York as non-managerial laborers at any time during the period of April 9, 2013, through November 3, 2020[.]

(Settlement Agreement ¶ 1.7.)

"The ultimate decision to certify the class for purposes of settlement cannot be made until the hearing on final approval of the proposed settlement." Fed. R. Civ. P. 23 advisory committee's note to 2018 Amendment. The Court may, however, grant preliminary approval when it will "likely be able to . . . certify the class for purposes of judgment on the proposal." *In re Payment Card*, 330 F.R.D. at 50 (omission in original) (emphasis removed) (quoting Fed. R. Civ. P. 23(e)(1)(B)(ii)).

To qualify for certification, a class must meet the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure. A plaintiff seeking certification under Rule 23 has the burden to establish (1) numerosity, (2) commonality, (3) typicality, (4) adequacy of representation, (5) superiority

of the class action over other procedures, and (6) predominance. *Mazzei v. Money Store*, 829 F.3d 260, 270 (2d Cir. 2016); *see* Fed. R. Civ. P. 23(a), (b)(3). The Second Circuit has also recognized an implied requirement of ascertainability. *Brecher v. Republic of Arg.*, 806 F.3d 22, 24 (2d Cir. 2015) ("Like our sister Circuits, we have recognized an 'implied requirement of ascertainability' in Rule 23 of the Federal Rules of Civil Procedure" (citation omitted)); *see McBean v. N.Y.C.*, 260 F.R.D. 120, 132-33 (S.D.N.Y. 2009).

To certify a class, a district court must definitively assess each class certification element and find that each requirement is "established by at least a preponderance of the evidence." *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 117 (2d Cir. 2013) (quoting *Brown v. Kelly*, 609 F.3d 467, 476 (2d Cir. 2010)).

### A. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[N]umerosity is presumed at a level of 40 members." *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). The parties estimate that the class is composed of approximately 350 individuals. (Pls. Mem. at 31.) Given that joinder of all 350 members is presumptively impractical, the Court finds that numerosity is satisfied.

### B. Commonality

Under Rule 23(a)(2), there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The questions must be capable of "class[-]wide resolution—which means the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 80 (2d Cir. 2015) (alteration in original) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

Plaintiffs convincingly allege that the proposed class members share common questions of law and fact regarding Defendants' alleged practice of requiring Plaintiffs, Opt-in Plaintiffs, and the

putative class members to work one hour prior to their regularly scheduled shift and one hour after their regularly scheduled shifts, without payment, and not providing them with an accurate wage statement on each payday. These types of common questions are sufficient to satisfy commonality. *See Lora v. To-Rise, LLC*, 452 F. Supp. 3d 5, 11 (E.D.N.Y. 2019) (commonality requirement satisfied where the class members shared the common issues of fact and law concerning whether the defendants failed to pay them wages in violation of state wage and hour laws).

### C.  Typicality

The requirement for typicality is met "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001), *abrogated on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (quoting *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997)) (quotations omitted). "The commonality and typicality requirements often 'tend to merge into one another, so that similar considerations animate analysis' of both." *Brown*, 609 F.3d at 475 (quoting *Marisol A.*, 126 F.3d at 376). "The crux of both requirements is to ensure that maintenance of a class action is economical and that the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Kaye v. Amicus Mediation & Arb. Grp., Inc.*, 300 F.R.D. 67, 78 (D. Conn. 2014) (quoting *Marisol A.*, 126 F.3d at 376 (alterations and citations omitted)).

Plaintiffs' claims are typical of the class. Their claims, and the claims of each class member, arise from Defendants' alleged wage and hour pay practices requiring pre and post-shift work without payment in violation of the FLSA and NYLL. (Pls. Mem. at 33.) The claims are so interrelated that the class claims will be fairly and adequately protected by Lead Plaintiffs. The typicality requirement is satisfied.

### D. *Adequacy*

In assessing adequacy, "the primary factors are whether the class representatives have any 'interests antagonistic to the interests of other class members' and whether the representatives 'have an interest in vigorously pursuing the claims of the class.'" *In re Patriot Nat'l, Inc. Sec. Litig.*, 828 F. App'x 760, 764 (2d Cir. 2020) (quoting *Denney*, 443 F.3d at 268). "[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997).

As discussed in Section I(B)(i)(a), *supra*, Plaintiffs are adequate representatives of the class, and the adequacy requirement is met.

### E. *Ascertainability*

The implied requirement of ascertainability demands "only that a class be defined using objective criteria that establish a membership with definite boundaries." *In re Petrobras Sec. Litig.*, 862 F.3d 250, 264 (2d Cir. 2017). The putative class is easily ascertainable, as Defendants have produced a list with approximately 350 individuals who work or worked for Defendants during the Class Period who comprise the putative class. (Pls. Mem. at 34.)

### F. *Rule 23(b)(3)*

Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

#### i. **Predominance**

The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation" and is achieved "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to

individualized proof." *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002) (quoting *Amchem*, 521 U.S. at 623).

Here, common issues predominate as all members of the Settlement Class suffered the same alleged harms resulting from the same alleged misrepresentations, which are subject to generalized proof and applicable to the entire class. The Settlement Class is thus sufficiently cohesive to meet the predominance requirement.

> ### ii. Superiority

Matters pertinent to superiority include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). In assessing a settlement-only class certification, "a district court need not inquire whether the case, if tried, would present intractable management problems," because there will not be a trial. *Amchem*, 521 U.S. at 620.

Concentrating the adjudication of the claims in the Eastern District of New York is a logical and efficient use of judicial resources. The superiority requirement is met because a class action is superior to alternative forms of adjudication of these claims.

*    *    *

For the foregoing reasons, the Court finds that preliminary certification of the Settlement Class is warranted under Federal Rules of Civil Procedure 23(a) and 23(b)(3) because the Court will likely be able to certify the class after the final approval hearing.

### III.    <u>Distribution of the Class Notice and Notice Procedure</u>

Once a court has determined that it will likely be able to approve the proposed settlement and certify the class, it "must direct notice in a reasonable manner to all class members who would be bound by the proposal . . . ." Fed. R. Civ. P. 23(e)(1)(B).

For Rule 23(b)(3) classes, "the court must direct to class members the best notice that is practicable under the circumstances" which includes "individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice "must clearly and concisely state in plain, easily understood language" the following information:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. Civ. P. 23(c)(2)(B).

"There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements . . . . Notice is 'adequate if it may be understood by the average class member.'" *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114 (2d Cir. 2005) (quoting 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 11:53, at 167 (4th ed. 2002)). At the same time, "[c]ourts in this Circuit have explained that a Rule 23 Notice will satisfy due process when it describes the terms of the settlement generally, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing." *Mikhlin*, 2021 WL 1259559, at *12 (quoting *In re Payment Card*, 330 F.R.D. at 58).

The proposed Notice includes a detailed explanation of how claimants' settlement shares will be calculated and what their approximate share will be (Notice at 5-6); how claimants can submit their Claim Form, object to, or opt out of the settlement (*id.* at 2-3, 6-8); and of the effects of claimants choosing to do nothing, submitting a Claim Form, opting out, or objecting. (*Id.*) The Notice also

provides a summary of the nature of the action (*id.* at 2-3); explains that a class member may speak or enter an appearance through an attorney at a fairness hearing (*id.* at 9-10); states that the court will exclude from the class any member who requests to be excluded from the settlement class and provides the time and manner for making such a request (*id.* at 7); and explains the binding effect of a class judgment on members who do not opt out. (*Id.* at 3, 7.)

Within fifteen days of this Order, Defendants will provide a finalized class member list to Plaintiffs' counsel and the Claims Administrator. (Pls. Mem. at 15.) Within seven days of receiving the finalized list, the Claims Administrator will email and mail by registered mail the Notice and Claim Form to all identified class members in both English and Spanish. (*Id.* at 16.) Claimants must return the Claim Form or opt out within seventy-five days of the date the Claims Administrator mails the Notice and Claim Form, subject to any good cause reason for delay. (*Id.*)

Because the Notice, Summary Notice, and notice procedure provide reasonable notice to class members and clearly and concisely states in plain, easily understood language the requisite information, the Court approves the proposed Notice and notice procedure.

## <u>CONCLUSION</u>

For the reasons stated above, the Motion is granted. Accordingly, it is hereby ORDERED that:

(1) Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of settlement only, the Court preliminarily certifies a Settlement Class in this action, consisting of all current and former individuals who worked for Defendants in New York as non-managerial laborers at any time during the period of April 9, 2013, through November 3, 2020. Excluded from the Settlement Class are any class members that validly and timely request exclusion in accordance with the requirements set forth in the Notice and this Order.

(2) This Court preliminarily finds, for purposes of settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of class members is so numerous that joinder of all class members is impracticable; (b) there are questions of law and fact common to the class; (c) the claims of Lead Plaintiffs are typical of the claims of the class members they seek to represent; (d) Lead Plaintiffs will fairly and adequately represent the interests of the class; (e) questions of law and fact common to the class predominate over any questions affecting only individual members of the class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this action.

(3) Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of settlement only, (a) Lead Plaintiffs Greg Egan and Paul Tavolilla are preliminarily certified as the class representatives on behalf of the Settlement Class; and (b) Borrelli & Associates, P.L.L.C. and Moritt Hock & Hamroff LLP are hereby preliminarily certified as Co-Lead Counsel for the Settlement Class, and are authorized to act on behalf of the class representatives and other class members, with respect to all acts or consents required by or that may be given pursuant to the Settlement Agreement, including all acts that are reasonably necessary to consummate the Settlement Agreement.

(4) The Court preliminarily finds that the Settlement Agreement should be approved in that: (a) the Settlement Agreement results from good faith, arm's length negotiations, including mediation under the direction of an experienced mediator; (b) the relief provided to the Settlement Class is adequate; (c) the proposed settlement treats class members equitably relative to each other; and (d) the proponents of the settlement are experienced in class-action securities litigation and had sufficient information to evaluate the settlement.

(5)  The Court substantially approves the form, substance, and requirements of the Notice (Dkt. 212-2), Claim Form (Dkt. 212-3), and Reminder Postcard (Dkt. 212-4).  The parties will update any dates and deadlines prescribed in the Notice, Claim Form, and Reminder Postcard to conform with those set forth in this Order.

(6)  The Court approves the appointment of Arden Claims Services, LLC as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed settlement, as well as the processing of claims as more fully set forth below.

(7)  Within fifteen (15) business days of this Order, Defendants will provide the Claims Administrator and Co-Lead Counsel, at no cost to Plaintiffs or class members, with finalized class member lists as provided for in the Settlement Agreement.

(8)  The Claims Administrator will cause a copy of the Notice and Claim Form to be mailed by first class mail, postage prepaid, within seven (7) days of receiving the finalized class member list to all class members in both English and Spanish.

(9)  Within forty (40) days of the initial mailing of the Notice and Claim Forms to class members, the Claims Administrator will mail the Reminder Postcard to all class members in both English and Spanish.

(10)  The Court will hold a final fairness hearing on April 29, 2025 at 10:00 a.m. at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201.

(11)  In order to be entitled to participate in the Settlement Fund, in the event the settlement is consummated in accordance with the terms set forth in the Settlement Agreement, each class member will take the following actions and be subject to the following conditions:

    a.  Within seventy-five (75) calendar days after such time as set by the Court for the Claims Administrator to mail the Notice and Claim Form to the class members,

each member claiming to be an authorized claimant will be required to submit to the Claims Administrator a completed Claim Form, substantially in the form filed at Dkt. 212-3 and as approved by the Court. Claim Forms will be timely submitted if they are postmarked (for U.S. Mail) or received by the private carrier (for FedEx, UPS, etc.), or electronically by the Claims Administrator, within seventy-five (75) calendar days after such time as set by the Court for the Claims Administrator to mail the Notice and Claim Form to the class members.

b.   As part of the submission of a Claim Form, each class member shall submit to the jurisdiction of the Court, with respect to the claim submitted, and shall (subject to effectuation of the settlement) release all "Released Participating Claimant Claims" as provided in the Settlement Agreement.

c.   Lead Plaintiffs and all class members who have previously opted in to the settlement will be deemed to be participating class members and need not take any further action to receive settlement funds.

(12)   Any class member who wishes to request exclusion from (*i.e.*, "opt out" of) the Settlement Class must submit a written request for exclusion to the Claims Administrator by United States Postal Service first class mail so that it is postmarked **no later than seventy-five (75) calendar days after the Notice and Claim Forms are mailed**. As provided in the Notice, such request for exclusion must clearly indicate the name, address, and telephone number of the member seeking exclusion, must indicate that the member requests to be excluded from the Settlement Class, and must be personally signed by the class member. The request for exclusion will not be effective unless it is made in writing within the time stated above, and the exclusion is accepted by the Court. Any class member that submits a request for exclusion will have no rights under the Settlement

Agreement, will not be entitled to receive any payment out of the Net Settlement Fund, and will not be entitled to object to the Settlement Agreement.

(13)    The Court will consider objections to the Settlement Agreement, the plan for allocation of the settlement funds, any application for attorneys' fees and expenses, and any requests for service awards from any class member who does not request exclusion from the class. Any such class member wanting to object must do so in writing and may also appear at the fairness hearing.

    a. Written objections and any supporting papers will be mailed to the Claims Administrator via United States Postal Service first class mail **no later than seventy-five (75) days after the Notice and Claim forms are mailed**. Objections will be deemed timely if they are postmarked no later than seventy-five (75) days after the Notice and Claim forms are mailed. Any individual who wishes to appear at the fairness hearing must affirmatively state so in his or her written objection. A class member who files a written objection does not have to appear at the fairness hearing for the Court to consider the objection.

    b. The Claims Administrator will send copies of each written objection and any supporting papers to Co-Lead Counsel and counsel for Defendants by email no later than three (3) days after receipt of the written objection.

    c. If a class member hires an attorney to represent them for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by **no later than thirty (30) days before the fairness hearing.**

    d. Any class member who does not make an objection in the manner provided will be deemed to have waived such objection and will forever be foreclosed from

making any objection to the fairness or adequacy of the Settlement Agreement, the plan for allocation of the settlement funds, any application for attorneys' fees and expenses, and any requests for service awards, unless otherwise ordered by the Court.

(14)   The Claims Administrator, Defendants' counsel, and Co-Lead Counsel will promptly furnish each other with copies of any and all objections from class members that come into their possession.

(15)   The Claims Administrator will take all reasonable steps to obtain the correct address of any class members for whom the Notice and Claim Form are returned as undeliverable.

(16)   No later than thirty (30) days prior to the fairness hearing, Lead Plaintiffs will prepare and file a Motion for Final Approval of the Settlement, which will also seek the payment of attorneys' fees and costs, settlement claims administration costs, and service awards. All reply papers and/or briefs, including any in response to a filed objection, will be filed and served at least seven (7) calendar days prior to the fairness hearing.

(17)   Defendants will transfer an initial payment of One Hundred Thousand Dollars ($100,000.00) to the Claims Administrator no later than ten (10) days after issuance of this Order. Defendants will also transfer Three Million Five Hundred Thousand Dollars ($3,500,000.00) into escrow no later than fifteen (15) days after issuance of this Order. If the settlement is approved, Defendants will transfer any remaining amount necessary to cover all payments to be made to the Claims Administrator no later than fourteen (14) days after such final approval. Plaintiffs and participating claimants will have one hundred and twenty (120) days after those payments are distributed to cash their respective settlement checks.

(18)    The Court may approve the Settlement Agreement without modification, or with such modifications as may be agreed to by Plaintiffs and Defendants, with or without further notice, and it may adjourn or continue the fairness hearing or hold the fairness hearing via videoconference or telephone conference without further notice to the class members. The Court may approve the Settlement Agreement regardless of whether it has approved the plan for allocation of the settlement funds, any application for attorneys' fees and expenses, and any requests for service awards.

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:    Brooklyn, New York
         December 9, 2024